UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-13766-GAO

ERIC S. KUPPSERSTEIN and LISA L. KUPPERSTEIN,
Plaintiffs,

v.

BANK OF AMERICA, NATIONAL ASSOCIATION, and OCWEN LOAN SERVICING, LLC,
Defendants.

ORDER
July 31, 2015

This action arises from a mortgage transaction between the plaintiffs, Eric and Lisa Kupperstein, and defendants Bank of America, N.A., ("BANA"), which is the note holder, and Ocwen Loan Servicing, which is the mortgage servicer. In their amended complaint, the plaintiffs assert fifteen state and federal claims. The defendants have moved to dismiss the complaint.

A.   Counts I-IV – Rescission, Quiet Title, & Declaratory Judgment

Massachusetts General Laws Chapter 140D, Section 10(a) provides an obligor in a "consumer credit transaction" with a right to rescind within three days following a transaction where "a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property." The plaintiffs refinanced a mortgage loan on February 21, 2008; as to that transaction, their right to rescind expired four years later, in 2012. Id. § 10(f). In February 2015, the plaintiffs and defendants, in resolving a dispute pending in the Massachusetts Land Court, agreed to amend the property description in the mortgage. The plaintiffs claim that the amendment gave them a renewed right to rescind. I disagree. The statutory right of rescission arises only in a "consumer credit transaction." Id. § 10(a); May v. SunTrust Mortg., Inc., 7 N.E.3d 1036, 1039 (Mass. 2014). An amendment to the property description that does not involve any

additional borrowing and does not alter the borrower's credit terms or financial obligation is not a "consumer credit transaction" within the meaning of the statute, because it does not involve any new extension of "credit," which the statute defines as "the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment." M.G.L. ch. 140D, § 1.

The plaintiffs also claim that the Closing Instructions from the February 2008 refinancing give them the benefit of a renewed rescission period following "any change" to the mortgage documents. However, the plaintiffs cannot demonstrate that the Closing Instructions, which were addressed to the lender's closing agent, impose a contractual right enforceable by them against the defendants. Accordingly, Counts I through IV, which all rest on the plaintiffs' claimed right of rescission, are subject to dismissal.

  B. Count V – Fair Debt Collection Practices Act (FDCPA)

This claim fails against BANA as BANA is not a debt collector for purposes of the FDCPA. As the note holder of the plaintiffs' mortgage, it only seeks payments due to itself. See O'Connor v. Nantucket Bank, 992 F. Supp. 2d 24, 31-32 (D. Mass. 2014).

Ocwen does not dispute that it qualifies as a debt collector under the statute, and its conduct arguably could be found to be false or misleading under 15 U.S.C. § 1692e. Ocwen's letters to the plaintiffs, which contained contradictory information regarding the mortgage status – coupled with its unresponsiveness to the plaintiffs' multiple requests for clarification – might confuse the "hypothetical unsophisticated consumer." Pollard v. Law Office of Mandy L. Spaulding, 766 F.3d 98, 103 & n.4 (1st Cir. 2014). As a result, the FDCPA claim against Ocwen survives the motion to dismiss, but only as to conduct that occurred after February 20, 2013. The FDCPA has a one-year statute of limitations. See 15 U.S.C. § 1692k(d). The plaintiffs originally commenced this action in the Massachusetts Superior Court on February 20, 2014.

In Count V, the plaintiffs also cite 209 C.M.R. 18.00 and Mass. Gen. Laws ch. 93, § 49. Neither provision authorizes a private right of action.

      C.      Count VI – Massachusetts General Laws Chapter 93A

To prove violations of Chapter 93A, the plaintiffs must demonstrate "that the defendant engaged in trade or business and committed an unfair or deceptive act, causing economic injury to the plaintiff." Brown v. Bank of Am., Nat'l Ass'n, 67 F. Supp. 3d 508, 514 (D. Mass. 2014). Unlike the FDCPA, Chapter 93A has a four-year statute of limitations. McDermott v. Marcus, Errico, Emmer & Brooks, P.C., 775 F.3d 109, 124 n.16 (1st Cir. 2014).  This claim survives the motion to dismiss since the plaintiffs allege "a pattern or course of conduct involving misrepresentations, delay, and evasiveness." Hanrahran v. Specialized Loan Servicing, LLC, 54 F. Supp. 3d 149, 155 (D. Mass. 2014). Similarly, the plaintiffs have sufficiently pled economic injury by alleging that the defendants' conduct caused damage to their credit and resulted in extra fees and costs. See Brown, 67 F. Supp. 3d at 514; Hanrahran, 54 F. Supp. 3d at 156.

      D.      Counts VII & VIII – Deceit, Fraud, Misrepresentation

These counts for fraud and deceit fail to satisfy the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. Because the plaintiffs' conclusory allegations as to the defendants' knowledge of the falsity of certain statements do not "identify[] the basis for inferring scienter," N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale, 567 F.3d 8, 13 (1st Cir. 2009), these claims are inadequately pled and therefore subject to dismissal.

### E. Count IX – 12 U.S.C. § 2605

The defendants argue that Count IX should be dismissed because it does not re-allege the conduct that provides the basis for the claim. As the plaintiffs provide a detailed account of the underlying facts in Count V, this claim survives the motion to dismiss.

### F. Count X – Negligence

Under the economic loss doctrine, plaintiffs pleading negligence must allege personal injury or property damage. Cocaran v. Saxon Mortg. Servs., No. 09-cv-11468-NMG, 2010 WL 2106179, at *4 (D. Mass. May 24, 2010). The plaintiffs' allegations of economic harm, including allegations of damage to their credit score, do not satisfy this standard. See Gaul v. Aurora Loan Servs., No. 12-cv-10129-NMG, 2013 WL 1213065, at *8 & n.4 (D. Mass. Feb. 7, 2013). This claim is dismissed.

### G. Counts XI & XII – Negligent Misrepresentation

The plaintiffs allege that BANA falsely represented that they had a three-day right of rescission following any amendment to the mortgage and that BANA and Ocwen misrepresented the amount of their loan in the 2012-2013 letters. To the extent the plaintiffs successfully plead that the defendants supplied false information, they allege damages arising from the defendants' wrongful reporting of their mortgage status. The deficiency in this count is the absence of factual allegations sufficient to plausibly allege justifiable reliance by them on any claimed negligent misrepresentation and any loss resulting from that reliance. See Dill v. Am. Home Mortg. Servicing, Inc., 935 F. Supp. 2d 299, 303-04 (D. Mass. 2013); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

### H. Counts XIII & XIV – Breach of Contract, Covenant of Good Faith and Fair Dealing

As discussed above, the plaintiffs do not demonstrate the existence of a right of rescission arising from a binding contract with BANA. However, this claim will survive the motion to dismiss

4

insofar as the plaintiffs allege that BANA breached a contractual obligation to credit mortgage payments. Because the covenant of good faith and fair dealing "as only as broad as the contract that governs the particular relationship," Ayash v. Dana-Farber Cancer Inst., 822 N.E.2d 667, 684 (Mass. 2005), that claim shall survive the motion to dismiss stage as well to a similar extent.

### I.   Count XV – Massachusetts General Laws Chapter 93, Section 54A

This claim is preempted under the Fair Credit Reporting Act ("FCRA"), which provides that "[n]o requirement or prohibition may be imposed under the laws of any State . . . relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). The FCRA preemption provision contains an exemption for § 54A(a) of the Massachusetts Credit Reporting Act, id. § 1681t(b)(1)(F)(i), but contains no such exemption for §54A(g), which provides the private right of action for violations of the statute. Judges of this District have divided as to whether the FCRA allows for private actions under §54A, or whether the FCRA only allows enforcement investigations and suits by the state Attorney General to proceed without preemption. Compare Gibbs v. SLM Corp., 336 F. Supp. 2d 1, 13 (2004) ("Where, as here, the FCRA does not exempt the state law provision expressly authorizing a private cause of action, such private causes of action remain preempted.") and Islam v. Option One Mortg. Corp., 432 F. Supp. 2d 181, 188-89 (D. Mass. 2006) (dismissing § 54A(g) counts where the "parties agreed that the Attorney General indeed could enforce Chapter 54A") with Catanzaro v. Experian Info. Sols., Inc., 671 F. Supp. 2d 256, 261 (D. Mass. 2009) (finding that § 54A(g) was not preempted where there was no indication that the Attorney General possessed "the requisite authority to enforce § 54A").

I think it is plain that the Attorney General may take action, including civil suit, to enforce § 54A(a). See M.G.L. ch. 12, § 10; id. ch. 93, § 68; id. ch. 93A, § 4; see also Commonwealth v. Mass. CRINC, 466 N.E.2d 792, 798 (Mass. 1984) ("[T]he Attorney General has a general statutory mandate, in addition to any specific statutory mandate, to protect the public interest. . . . The Attorney General is given specific power to enforce the Antitrust Act [and] the Consumer Protection Act . . . ."); Lowell Gas Co. v. Att'y Gen., 385 N.E.2d 240, 249 (Mass. 1979); Dodd v. Commercial Union Ins. Co., 365 N.E.2d 802, 897 (Mass. 1977). Accordingly, I agree with those judges who have concluded that Congress exempted subsection (a) of §54A, but not subsection (g). This count is dismissed.

J.   Conclusion

For the foregoing reasons, the defendants' Motion (dkt. no. 22) to Dismiss is GRANTED as to Counts I-IV, VII, VIII, X, XI, XII, and XV, and those Counts are DISMISSED. The Motion is DENIED as to Counts V, VI, IX, XIII, and XIV.

SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge